UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------

WHOLE HEMP COMPANY LLC d/b/a
FOLIUM BIOSCIENCES and KASHIF SHAN,
Plaintiffs,

Case No.: 1:19-cv-10073-VSB

vs.

TERI BUHL,
               Defendant.

-----------------------------------------------------/
-----------------------------------------------------/

## MOTION TO DISMISS FOR FAILURE
## TO STATE A CAUSE OF ACTION, AND/OR
## IN THE ALTERNATIVE MOTION TO STRIKE

COMES NOW THE DEFENDANT, TERI BUHL, pro se, and hereby files this pro se Motion to

Dismiss For Failure to State a Cause of Action, on this 27 of January, 2020, and as grounds

thereof states as follows:

### PREFACE

I am having to proceed without an attorney for the time. I am in the middle of

interviewing law firms and trying to retain an attorney for pro bono services. The
holiday period has made getting

appointments very difficult as well as the response time for this Complaint occurring right
after New Year's. I communicated with the plaintiffs lawyer and asked for a little
professional courtesy of a small extension into March 2020 so that lawyers can return from
vacations and I can properly continue to interview law firms and file grants for legal defense
funding from the professional journalist non-profits I have access too. Plaintiffs lawyer told
me that she

would not agree to providing me with an extension even given the justifiable circumstance.

Wherefore, I am having to appear pro se. I believe that the plaintiff's lawyer's

unprofessionalism

justifies additional time to amend this motion so that it can be properly done by a lawyer and not myself. Thank you.

## MOTION TO DISMISS OR STRIKE

1. On November 22, 2019, [Doc. 8], Plaintiff filed an Amended Complaint, prior to the Defendant filing any response.

2. Comparing the Original Complaint with the First Amended Complaint, the Plaintiff only shortened their allegations, making their First Amended Complaint utterly vague and ambiguous and not only lacking material specificity within their intentional tort claims, but attempt to tie the Defendant to unknown third parties and alleged conspirators that would be necessary parties to this action. tt is believed that the torts alleged by the Plaintiff would have to be pied with specific allegations of fact, not mere conclusions, not citing to unknown third parties and with a true verification from the claim ant instead of an illusionary and false verification that contains "conditions" and "t ake-bac ks".

3. Plaintiff's intentional vagueness, lack of complete sentences or paragraphs, failure to attach the publications complained of and intentional failure to notify the Defendant of the alleged conspirators that I am alleged ly connected with, make defending this Complaint of Fiction unduly burdensome and deliberately deft. This complaint is said to be based upon publications, however, plaintiff has failed to attach the publications to the complaint leaving myself to guess as to what plaintiff is truly complaining of as well as failing to capture the entirety of what I might have written or not.

4. The first paragraph of the Amended Complaint is repeated throughout the document and is the premise for the torts alleged. Plaintiff states,

> *Par. 1: This case is about an ongoing coordinated campaign by Defendant Teri Buhl and her unknown financial backers to damage Plaintiffs' business and reputation by defaming and disparaging Plaintiffs' business practices and falsely accusing several of Plaintiffs' employees of various unlawful acts. Buhl has intentionally defamed Plaintiffs by, inter alia, publishing false statements regarding Folium's business practices and financial dealings, harassing Folium employees to seek information and comments about plainly-fabricated accusations from disgruntled former employees, and contacting Folium's customers to outrageously allege that its products cause severe sickness and death. In the face of objective evidence clearly refuting her false statements, and in response to the initial complaint in this action, Buhl has continued her campaign to defame Plaintiffs. Plaintiffs seek injunctive relief and money damages, in an amount exceeding $75,000, for the severe harm caused by Buhl's defamatory statements and her and her accomplices' malicious and unlawful actions against Folium, Shan, and other Folium executives and employees.*

5.  Just picking on the plaintiff's premise, plaintiff has failed to properly and specifically plead any materiality and specificity which would be required for their charges of the counts pied.

    A. *"This case is about an ongoing coordinated campaign by Defendant Teri Buhl and her unknown financial backers..."*

    a.  What coordinated campaign???????? It is not pied and therefore, I have no idea what plaintiffs are making up.

    b.  What unknown financial backers????? It would stand for reason that I should be appraised as to who these people are so that I can defend the false accusation. It would also appear that any such third parties would be necessary to the action so that I just don't stand falsely persecuted all by myself. I am a professional freelance journalist with an established byline in investigative journalism. I currently report for Cannabis Law Report and Australian publication. I do not have financial backers, this is a made up theory by plaintiff who can do a simple google search to see the variety of professional news publication I

have reported for which include: Fortune, Forbes, NY Post, Hearst

B. *"to damage Plaintiffs' business and reputation by defaming and disparaging Plaintiffs' business practices...,,*

  a. Plaintiffs fail to substantiate this claim of damages. What damages and what disparaging are the plaintiffs talking about??? Mere conclusions being thrown. What about the fact that the Plaintiffs, just within the last few weeks, have been putting out press releases informing the world that they have reached a merger agreement, reverse merger with the publicly trading company Australis Capital? It would appear that the Plaintiffs have no damages at all and maybe my reporting actually helped them close a deal with Australis Capital and therefore I should be getting thanked, not sued.

C. *"and falsely accusing several of Plaintiffs' employees of various unlawful acts.,,*

  a. What employees and what various unlawful acts is Plaintiff talking about???? Surely Plaintiffs have to allege spec ific sand not just ambiguous conclusions;that is, if Plaintiffs are not just making this entire case up as a shameful attempt to cover up the acts reported on?

D. *"Buh l has intentionally defamed Plaintiffs by, inter alia, publish ing false statements regarding Folium's business practices and financial dealings, harassing Folium employees to seek information and comments about plainly-fabricated accusations from disgruntled former employees, and contacting Folium's customers to outrageously allege that its products cause severe sickness and death."*

  a. The above sub-paragraph is nothing but illusory, ambiguous and utterly vague.
  b. Which business practices????
  c. Which financial dealings????
  d. Which publications??????
  e. What "false statements"?????
  f. What "harassment"?????

   g. Which disgruntled employees????

   h. What "fabrications"???????

   i. Which "customers"?????

   j. What or which employees??????

   k. Which alleged "products"??????

E. Additionally, when did a reporter contacting individuals about a story become a cause of action???? From review of Plaintiffs premise, it appears Plaintiff simply resents being investigated and having fin(:lings disclosed that Plaintiff sorely wishes were not being uncovered. Me doth believe that the guilty are protesting too much. Such conduct on behalf of the Plaintiffs only leave one wondering more as well as what more is being hidden? Regardless, Plaintiffs mere conclusions of law and fact fail to meet the standard needed to substantiate their First Amended Complaint and the claims brought.

F. *"Buhl has continued her campaign to defame Plaintiffs.,,*

   a. What campaign? Please provide specifics. All this reporter is doing is her job as an investigative reporter and if crimes are uncovered against the Plaintiffs then so be it. However, use of a lawsuit in the attempt to stop this reporter from engaging in her job and uncovering Wrongdoing is tantamount to the bringing of a false claim and mis-use of the legal proc?ss.

G. *"Plaintiffs seek injunctive relief and money damages, in an amount exceeding $75,000, for the severe harm caused by Buhl's defamatory statements and her and her accompli ces' mali ci ousand unlawful acti ons agai nst Foli um, Shan, and other Foli um executi ves and employees.,,*

   a. What damages? Pursuant to Plaintiffs very own press releases, Plaintiff is or has merged with Australis Capital and therefore not even the proper party plaintiff anymore, but with the reverse merger that Plaintiffs have publicly admitted to, there

        is no damages. If Plaintiffs have no damages, as Plaintiffs have admitted to the public merger plus cash, then Plaintiff cannot sustain a cause of action.

    b. *"and her and her accomplices' malicious and unlawful actions..."*

        i. What accomplices?

        ii. What malicious and unlawful actions?

6.     Paragraph 2, of Plaintiffs First Amended Complaint is not only false, but meant only as a means of creating undue prejudice against the Defendant and therefore should be stricken.

7.     Par. 4, of Plaintiffs complaint, again is nothing more than mere statements with no defining factual contentions. Plaintiff fails to plead any specifics but uses vague claims as if that somehow passes the "smell test". No specifics are cited, again, as in reality Plaintiffs do not have any to tell. However, the ambiguity in the Complaint make specific defenses unduly difficult to draw and leave the claims to wild interpretations as to what the Plaintiffs might actually be meaning.

8.     In Par. 4, (a - f), Plaintiffs are not stating specific acts of tortuous wrongdoing, but complaining that Plaintiff was doing her job by reaching out and talking to witnesses in a story that may or may not have been written and to what extent to be learned of. Reaching out to people to discuss a story is protected by the Constitution of the United States, and it appears that because the Plaintiffs have a lot of skeletons in their closet, the U.S. Constitution is not that important to them. Same conduct of trying to "hit and run" by refusing to allow myself a little more time to retain a lawyer and have that

lawyer file a response. Again, asking what the Plaintiffs are afraid of and certainly asking why not provide the additional time so as not to waste the Court's time.

At the end of Par. 4, Plaintiffs state: "Buhl's actions also constitute tortious interference with prospective economic advantage and injurious falsehood." Plaintiff however, fails to state which actioru;; constitute tortious interference, what prospective economic advantage is the Plaintiff talking about, and what injurious falsehoods occurred??

    9.    Par. 5, of the First Amended Complaint is not only unduly vague and ambiguous but fails to identify material potential parties or witnesses.

    10.    Par. 10, 11, & 12 should be stricken as not only are they defamatory themselves, but have no baring or relations to Plaintiffs alleged claims. Plaintiffs simply insert these falsehoods into their Complaint to prejudice the Defendant and therefore should be st ricken.

    11.    Furthermore, Paragraphs 10 -12 are a good example of the fraud being committed by the filing of this Complaint when one looks to the alleged Verification. The Verification states:

> *I, Kashif Shan, on behalf of myself and Whole Hemp Company LLC d/b/a Folium Biosciences ("Folium"), verify under penalty of perjury that the factual statements in this First Amended Verified Complaint concerning myself and Folium are true and correct to my knowledge, except **those** matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.*

a. This Verification is nothing more than a Disclaimer. Mr. Shan does not commit to anything within the First Amendment Complaint being true. There are caveats everywhere: "to my knowledge", except those matters therein stated...", "I believe them to be true".... As such, nothing within Plaintiffs alleged "Verified First Amended Complaint" is actually verified and written as solid truth. Wherefore, Plaintiffs verification is a falsity and the Complaint should be dismissed.

12. Leading up to Par. 16, of Plaintiffs Complaint is more of the same. All ambiguous hypothesis or statements claiming something ambiguous is the truth.

13. Then in Paragraphs 16 - 23, of the Complaint, the authors use this opportunity only to try and make the Plaintiff, Folium, sound as something that it is not. Irrespective, these paragraphs have nothing to do with anything, are arguably false, definitely misleading just as Mr. Shan's Verification, and should be stricken.

14. From paragraphs 24 - 74, Plaintiffs are either complaining of protected speech, complaining that I was doing my investigative journalistic job of asking questions and attempting to learn truths, or Plaintiffs are again citing vague and ambiguous statements of law, conclusions or their own opinions of what is the truth without alleging any specificity. What is alleged is bits and pieces of my comments, without fully quoting what I might have said or written nor alleging how these comments warrant a legal cause of action. Plaintiff must specifically allege what I did

say and what I did wrong and what was wrong about what was said, so that these allegations can be defended. By failing to do so, plaintiff is merely citing opinions of their own, baseless attempts at stating facts, no supporting legal basis for the claims asserted, and a defective Verification section, written in the same manner as their Complaint, frivolous.

15. The Counts begin in paragraph 75. However, as these counts rely upon the preceding vague and ambiguous paragraphs, each Count fails to state the required specificity, legal supporting basis, and ability to which one can defend from as the vagueness allows for so many conclusions to be drawn from.

16. Par. 76, of Count I, states: *"Buhl has intentionally made knowingly false and defamatory statements of fact about Plaintiffs to third parties that were reasonably understood by those who read or heard them to be statements of fact regarding Plaintiffs' operation of Folium business."* Again, what int entional comments? What false and defamatory statements? What third parties? Who reasonably understood or heard what? What operations and what business?

17. Count I should be dismissed, as Plaintiffs fail or refuse to cite specifics with detail to support their claims. Plaintiffs' claims are also predicated upon alleged publications, however, Plaintiffs fail to attach such publications for truth, verification of the allegation, or completed content. Plaintiffs lawyers shall also be surprised, if they don't know by yet but maybe that is why the lawyers wrote so many disclaimers within the verification, that the claimants cover story, is just that.

18. Count II should also be dismissed as Plaintiffs fail or refuse to plead any specific allegations. Citing to unknown parties provides the reader with no basis for which to defend.

19. Merely stating that I interfered or had some kind of business relationship with third parties, (not true), is not specific to rise to a valid cause of action.

20. As such, Count II, of the First Amended Complaint should also fail as being defective and therefore dismissed.

21. Count III, fails to state a cause of action. Count III is predicated upon Plaintiffs General Facts and the Verification signed. As Count III is nothing more than vague opinion, with no specifics stated, it should be dismissed.

WHEREFORE, Teri Buhl, Defendant, prays that this Honorable Court grant this motion, dismiss Plaintiffs' First Amended Complaint, grant the Defendant additional time to retain counsel, as well as all other relief that this Court can grant to the Defenant under these circumstances, including the striking of all paragraphs or parts that have been included within Plaintiffs complaint merely to prejudice myself.

Done on this 27 day of January, 2020.


Defendant Teri Buhl

*Teri Buhl*


CERTIFICATE OF SERVICE:

I, TERI BUHL, certify that a true and correct copy of this was emailed directly to Plaintiffs counsel on the day written above.